# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WENDY S. PEER,**

      Plaintiff,

vs.                                                       No. CIV 01-1005 LCS/KBM

**FIRST SAVINGS BANK,**
**and BRIAN YARRINGTON,**
**Division Branch President,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand filed October 4, 2001 (*Doc. 26*). The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

## I. Background

On July 9, 2001, the Plaintiff filed her Complaint in the Sixth Judicial District Court for the County of Grant, State of New Mexico. The Plaintiff is seeking both an appeal from an Order of Non-Determination by the New Mexico Human Rights Division and relief from violations of the New Mexico Human Rights Act and New Mexico common law.[1] There is no reference to any federal statute within the Complaint. The Defendants collectively filed a Notice of Removal in the state court and the case was removed on August 31, 2001. The Notice states that jurisdiction in federal court

---

[1] The Plaintiff filed a Charge of Discrimination with the New Mexico Human Rights Division and the EEOC in January of 2001. The EEOC considered Plaintiff's claim and found no probable cause and issued a Notice of Dismissal in June. The New Mexico Human Rights Division subsequently filed an Order of Non-Determination consistent with the EEOC's findings.

is predicated on federal claims made pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(s) et seq.) and because the civil action is between citizens of different states in which the amount of controversy exceeds $75,000. The Plaintiff filed a Motion to Remand on October 4, 2001. The Plaintiff argues that the Complaint does not raise a federal question but instead relies entirely upon statutory claims permitted under state law and that complete diversity among the parties does not exist.

## II. <u>Analysis</u>

The right to remove a case from state district court to federal district court is statutory. *See* 28 U. S. C. § 1441, *et seq*. Federal courts generally construe removal statutes strictly to prevent encroachment on state courts' jurisdiction and to preserve comity, as well as to protect the plaintiff's right to fair treatment. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100, 108 (1941). In order to maintain the rightful independence of state governments, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *See id*. at 108-109. In addition to comity, fundamental fairness dictates that if a federal court has doubts about its jurisdiction, it should resolve those doubts by ordering a remand. *See Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F. 3d 689, 694 (5th Cir. 1995). Otherwise, the parties would risk the possibility of winning a final judgment in federal court only to have it determined later on appeal that the court lacked jurisdiction. *See, e. g., Laughlin v. K-Mart Corp.*, 50 F. 3d 871, 873 (10th Cir. 1995); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 851 (5th Cir. 1999). Such a finding would void the judgment and would require the parties to return to state court and re-litigate the case. *See Laughlin*, 50 F. 3d at 874; *see also Simon*, 193 F. 3d at 851-52.

In order to avoid such a waste of resources and to preserve comity, all doubts are resolved

in favor of remand. Only actions over which federal courts have original jurisdiction may be removed. *See* 28 U. S. C. § 1441. The party invoking federal jurisdiction has the burden of establishing its propriety. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F. 3d 1261, 1265 (9th Cir. 1999). Courts must look to the face of the complaint and to the notice of removal in order to decide whether a party has adequately alleged facts sufficient to confer federal subject matter jurisdiction. *See Laughlin*, 50 F. 3d at 873.

Federal courts have two basic types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. A federal question is raised "in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). For diversity jurisdiction to arise, the citizenship of all plaintiffs must be diverse from the citizenship of all defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U. S. C. § 1332(a).

### A. <u>Federal Question</u>

The presence or absence of federal question jurisdiction in any specific case is governed by the "well-pleaded complaint" rule. This rule states that a complaint originally filed in state court cannot be removed to federal court unless federal jurisdiction appears from the face of a "well-pleaded complaint." *See Gully v. First National Bank*, 299 U. S. 109 (1936); *see also Louisville v. Mottley*, 211 U. S. 149 (1908). The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United

3

> States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U. S. 1, 10 (1983) (*quoting Taylor v. Anderson*, 234 U. S. 74, 75-76 (1914)).

Under the "well-pleaded complaint" rule, the Plaintiff may avoid federal jurisdiction by exclusive reliance on state law in his complaint. *See Caterpillar Inc. v. Williams*, 482 U. S. 386, 392 (1987).

The Defendants argue, without any legal support, that jurisdiction is conferred on this Court because the Plaintiff is appealing the New Mexico Human Right Division's Order of Non-Determination on the Plaintiff's Title VII claim. (99-1049M/ WWD). In essence, the Defendants argue that jurisdiction exists because the Court would have to review the New Mexico Human Rights Division's examination of Plaintiff's Title VII charge of discrimination. (Def. First Savings Bank Res. Ex. A-1).

The plaintiff is master of the claim. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986). The plaintiff may prevent removal by choosing not to plead a federal claim even if one is available. *See Schmeling v. NORDAM*, 97 F. 3d 1336, 1339 (10th Cir. 1996). The principle that a plaintiff is generally considered the master of her complaint, however, is not without limitation. *See Burda v. M. Ecker Company*, 954 F. 2d 434, 438 (7th Cir. 1992). A plaintiff is not permitted to cloud the nature of her complaint by artificial or incomplete characterizations intended to avoid an inherent federal question. *See United States. Cisneros v. ABC Rail Corp.*, 217 F. 3d 1299, 1304 (10th Cir. 2000). This is a corollary of the "well-pleaded complaint" rule referred to as the "artful-pleading doctrine." *See* Wright, Miller and Cooper, Fed. Prac. and Proc. 3d, sec. 3722 at 436 (1998). Stated in the most general terms, the doctrine provides that a plaintiff cannot frustrate a

defendant's right of removal by carefully pleading the case without reference to any federal law. *Id.* A plaintiff may not frame her action under state law and omit federal questions that are essential to recovery. *See Burda*, 954 F. 2d at 438. A plaintiff also may not artfully omit facts that would impose federal jurisdiction. *Id.* at n.3.

The "artful pleading" doctrine is a narrow exception to the "well-pleaded complaint" rule, and it prevents a plaintiff from defeating removal by failing to plead necessary federal questions. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475(1998). The "artful pleading" doctrine does not apply, however, unless federal law completely preempts the field. *See Waste Control Specialists*, 199 F.3d 781, 784 (5th Cir. 2000); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (upholding removal based on complete preemption by Section 502(a)(1)(B) of ERISA); *Avco Corp. v. Machinists*, 390 U.S. 557, 560 (1968) (upholding removal based on preemptive effect of Section 301 of the Labor Management Relations Act); *Caterpillar*, 482 U.S. at 393 (stating that once state law has been completely preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim."). In *Waste Control Specialists*, the Fifth Circuit recently observed that the Supreme Court has left no doubt that complete preemption is necessary for the artful pleading doctrine to apply: Without complete preemption, the "artful pleading" doctrine does not apply.

In this case, the Plaintiff's complaint is clear. The Complaint asserts violations of the New Human Rights Act pursuant to NMSA § 28-1-1 *et seq*. and New Mexico common law. The Complaint is also acting as an appeal of the New Mexico Human Rights Division's Order of Non-Determination, to wit, an Order regarding her Title VII claims. There is no reference to any federal claims within the Complaint. The Plaintiff is seeking damages suffered by her as a result of sexual

harassment, retaliation, and hostile work environment undertaken by the Defendants. The Plaintiff's claims can all be resolved pursuant to New Mexico State statutes, specifically, NMSA §§ 28-1-7 and 28-1-13. In particular, section 28-1-13 specifically provides the Plaintiff with the ability to appeal a New Mexico Human Rights Division order to state court.

Because the terms of the Complaint do not fall within the exception to the "well-pleaded" complaint rule, the "artful pleading" doctrine, and because the Plaintiff specifically couched her claims on state law, jurisdiction is not conferred in this Court. Subsequently, I resolve all significant doubts concerning the existence of a federal question in favor of remand. *See Vasquez*, 56 F. 3d at 694.

### B. Diversity Jurisdiction

There exists a presumption against removal jurisdiction. *See Laughlin*, 50 F. 3d at 873. Thus, the removing party bears the burden of establishing federal jurisdiction. *See id*. Both the requisite amount in controversy and the existence of diversity must be affirmatively established either on the face of the petition or the removal notice itself for the purposes of diversity jurisdiction. *See id*. The notice of removal must contain a short and plain statement of the grounds for removal, 28 U. S. C. § 1446(a), and must establish the requisite amount in controversy at the time of removal by a preponderance of the evidence. *See Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1190 (N. D. Okla. 1996).

In support of her Motion to Remand, the Plaintiff poses confusing and inconsistent arguments with respect to diversity jurisdiction. Regarding the citizenship prong of diversity jurisdiction, the Plaintiff first argued that FSB "is a duly registered and incorporated entity doing business in New Mexico." (Brief in Support of Motion pg. 9). However, in her reply brief, she argued that FSB is national citizen because of its "non-localized" activities. (Reply Brief pg. 8). The Plaintiff's

6

arguments were also conflicting as to the amount in controversy. In her initial brief, the Plaintiff stated that "[t]heoretically, the amount in controversy (i.e., $75,000.00) will be applicable here." (Brief in Support of Motion pg. 9). However, in her reply brief, she submitted an affidavit claiming her case is not worth more than $75,000.00. (Reply brief Ex. A). The Plaintiff's final argument as presented in her reply brief is that FSB should be considered a federally chartered national organization with no citizenship and that the amount in controversy does not exceed $75,000.00.

Defendant FSB, in removing this case pursuant to 28 U.S.C. § 1441, alleges that the Plaintiff is a citizen of New Mexico, and that FSB has its principal place of business in South Dakota. Defendant FSB also argues that in cases where a federally chartered institution such as FSB is involved, courts have found that the corporation must be sufficiently localized within a particular state before it is considered a citizen of that state. In essence, FSB contends that it is sufficiently localized in the state of South Dakota. FSB contends, as a consequence, that this court has original jurisdiction pursuant to 28 U.S.C. § 1332.

For the purpose of the motion, the Plaintiff appears to concur that FSB has its principal place of business in South Dakota. However, the Plaintiff argues that the "principal place of business" criterion contained in 28 U.S.C. § 1332(c) does not apply to federally chartered corporations. She further contends that FSB should be deemed a national citizen because its activities are not localized to one particular state. Plaintiff concludes, accordingly, that FSB has no state citizenship for jurisdictional purposes, and thus may not invoke the diversity jurisdiction of this court.

Generally, for diversity purposes, a corporation is a citizen both of the state of its incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c). However, when a corporation is federally chartered, citizenship depends upon the language

7

of and the activities authorized by the statute confirming incorporation. If the activities of a federally chartered corporation are limited to a single state, either factually or by charter, then the corporation is a citizen of that state. *See Burton v. United States Olympic Committee*, 574 F.Supp. 517, 519 (C.D.Cal.1983) (citing, inter alia, *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 454-456 (3d Cir.1959)). However, a "federally chartered corporation with widespread activities, authorized and actual, may not be the subject of diversity jurisdiction absent specific statutory language providing for citizenship in a particular state or incorporating the entity as a 'body corporate' of a particular state." *See Burton*, 574 F.Supp. at 519

In this case, the prevailing issue is whether FSB should be considered a citizen of the state of New Mexico. The Complaint and the Notice of Removal provide little information. The Notice of Removal states that "Defendant First Savings Bank is a Federal Stock Savings Bank with its principal place of business and corporate offices in South Dakota." (Notice ¶ 4a). There is no mention as to the corporation's federal charter and there is no description as to the activities of FSB including where its controlling headquarters are located, the existence of interstate branch offices, the amount of business transacted in different states, and any other relevant data providing information that the corporation is local or national. *See e.g. Burton*, 574 F.Supp. at 519 (diversity jurisdiction over a "non-localized" corporation, a corporation organized to do business in several states or performs business in several states, is precluded, unless Congress enacted a specific statutory provision providing for citizenship in a particular state). FSB alleges within its Response brief that it maintains nineteen branches, eleven in South Dakota, six in New Mexico, and two in other states. Although the Plaintiff does not refute these statistics in her Reply, she does argue that FSB should be considered a national citizen because it is not localized in any one state.

8

Defendant FSB bears the burden of establishing jurisdiction in this Court. Diversity must be affirmatively established either on the face of the petition or the removal notice itself for purposes of federal jurisdiction. *See Pullman Co. v. Jenkins*, 305 U. S. 534, 537 (1939); *see also Laughlin*, 50 F. 3d at 873. Where neither document suffices, the court may also consider other relevant materials in the record. *See Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D. N. M. 2000). It would be an overreading of this principal to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. But because there is a presumption against removal jurisdiction, the party seeking removal has the burden of showing "complete" diversity which includes showing complete diverse citizenship between all of the parties. *See Pullman Co.,* 305 U. S. at 537. However, in this case, there is nothing for the Court to review, either in the Notice of Removal or in relevant materials in the record. The only information provided by Defendant FSB is a short unsubstantiated statement of FSB's principal place of business, where its corporate offices are located and a statement describing FSB's local branches in three different states. In any event, for diversity jurisdiction to arise, the citizenship of all plaintiffs must be diverse from the citizenship of all defendants. *See* 28 U.S.C. §1332(a). Because FSB fails to affirmatively establish its citizenship in a state other than New Mexico, jurisdiction in federal court is lacking.[2]

Moreover, even if the Defendant affirmatively established its citizenship outside the state of New Mexico, the amount in controversy is also ambiguous. The amount in controversy "must be affirmatively established on the face of the [complaint] or the removal notice" and supported by the

---

[2] Defendant Brian Yarrington is a citizen of the state of Wyoming. However, because §1332 requires that all plaintiffs must have diverse citizenship from all defendants, Defendant Yarrington's citizenship is irrelevant if Defendant FSB can not establish its citizenship.

underlying facts. *See Laughlin*, 50 F.3d at 873. When the face of the complaint does not affirmatively establish the requisite amount in controversy, the burden is on the removing party to set forth, in the notice of removal itself, underlying facts supporting the assertion that the minimum jurisdictional amount for diversity jurisdiction exists. *See id*. The Complaint in this case does not specify the amount in controversy. The Notice of Removal states that "[u]pon information and belief, the amount in controversy exceeds $75,000." Specifically, Plaintiff is alleging damages for pain and suffering, emotional and psychological damages, front pay, back pay, and other economic damages." (Notice ¶ 4d).

I find that the Defendants have failed to affirmatively support their amount in controversy claim. However, where neither the complaint or the notice of removal suffice, the court may also consider other relevant materials in the record. *See Varela*, 86 F. Supp. at 1111. It would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. But because there is a presumption against removal jurisdiction, *Laughlin*, 50 F. 3d at 873, the burden is on the removing party to establish, by a preponderance of the evidence, that the jurisdictional amount requirement has been met. In other words, Defendant must show that the amount in controversy more likely than not exceeds $75,000. *See Varela*, 86 F. Supp. 2d at 1111.

In this case, neither Defendant provides any additional factual information in support of their argument. They rely on the fact the Plaintiff has made no such declaration that the amount in controversy is less that $75,000. They also rely on the fact that the Plaintiff acknowledged that the amount in controversy is met within her memorandum brief. (Plaintiff's Brief at 4). I find this argument unpersuasive. The law is explicit. The amount in controversy "must be affirmatively

10

established on the face of the [complaint] or the removal notice" and supported by the underlying facts. *See Laughlin*, 50 F.3d at 873. The Defendants in this case have failed to do so. In addition, the Plaintiff has submitted as an attachment to her Reply brief, an affidavit swearing that this "action against the Defendants . . . . does not exceed the sum or value of $75,000.00 exclusive of interest and costs." (Reply brief Ex. A). *See e.g. St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *see also Parra v. Workmens Auto Insurance Company and Sigfriedo Montano, a. k. a. Domingo Ramirez Lopez*, No. CIV 01-326 BB/ WWD (D.N.M July 31, 2001) (Judge Black notes that if Plaintiff's counsel files an affidavit executed by Plaintiff that she is not seeking and will not accept more than $75,000, the motion to remand will be granted) (*citing Matney v. Wenger Corp.*, 957 F. Supp. 942 (S. D. Tex. 1997)); and WRIGHT MILLER AND COOPER, FEDERAL PRACTICE & PROCEDURE § 3702, at 46 (3d ed. 1998) ("Under well-settled principles, the plaintiff is the master of his or her claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")

Therefore, acknowledging that there is a presumption against removal, s*ee Laughlin*, 50 F.3d at 873, and the mere fact that federal courts are of *limited* jurisdiction, I find that this Court lacks subject-matter jurisdiction. Therefore, the Plaintiff's Motion to Remand is meritorious and this case should be remanded to the Sixth Judicial District Court for the County of Grant.

**WHEREFORE,**

    **IT IS ORDERED** that Plaintiff's Motion to Remand filed October 4, 2001 (*Doc. 26*), is hereby **GRANTED**.

11

**IT IS FURTHER ORDERED** that this case shall be remanded to the Sixth Judicial District Court for the County of Grant, State of New Mexico.

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**